Very truly yours,

*[signature]*

J. Peri Campoli

JPC/mkf
Enclosure

cc.  Mr. J. Joseph Breault
     Mr. Frank R. Penna
     Mr. Dennis C. Barry
     ReMax Integrity Realtors

EXHIBIT E

## CAMPOLI & CAMPOLI, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
27 WILLIS STREET, P.O. BOX 1384
PITTSFIELD, MASSACHUSETTS 01201
PHONE (413) 443-6485 FAX (413) 448-6233
www.campolilaw.com

THOMAS L. CAMPOLI
J. PERI CAMPOLI
ROBERT A. MONTELEONE, JR.

ANDREW T. CAMPOLI
OF COUNSEL

JEFFREY R. LYNCH*
ANTHONY GIANACOPOULOS
JEFFREY T. SCRIMO

*Also Admitted in CT

November 17, 2003

VIA FAX 743-5370 & FIRST CLASS MAIL

Mr. Douglas J. Rose
DONOVAN & O'CONNOR, LLP
One Commercial Place
Adams, MA 01220

Re:  Sellers:    BPB LLC / Homebase Properties, LLC
                 d/b/a Munchies
     Buyer:     Joseph J. Miller
     Property:  1525 West Housatonic Street
                Pittsfield, Massachusetts
     Liquor License

Dear Mr. Rose;

This is to confirm our discussions last week regarding the above captioned matter. Specifically, your letter dated November 7, 2003 and the liquor license transfer.

My clients disagree entirely with the factual accounts provided in your letter, however, in an attempt to resolve this matter, they have authorized the release to the buyer one-half of the deposit money being held in escrow. This release is conditioned upon your client's prompt written response to the ABCC to reverse the Liquor License transfer. Any release of one-half of the deposit would not be paid until the ABCC allowed the transfer back to BPB LLC.

Obviously, this license transfer should not have occurred because there never was a closing as contracted. As emphasized last week, your client must take *immediate steps* to renew this license to preserve this asset before November 28, 2003. Neither your client, nor mine, will

benefit from having this license lapse. The renewal application is in your client's possession. His failure to cooperate will result in additional damages against my client. My client will vigorously pursue in a lawsuit recover same.

May I please hear from you at your earliest opportunity

Very truly yours,

J. Peri Campoli

JPC/mkf
Enclosure
cc.    Mr. J. Joseph Breault

Case 3:04-cv-30021-MAP    Document 1-2    Filed 02/04/2004    Page 4 of 19



# LICENSE RENEWAL APPLICATION FOR 2004

EXHIBIT # 237

**LICENSE NUMBER:** 097400076

**CITY OR TOWN:** PITTSFIELD

**APPLICATION FOR RENEWAL OF** ANNUAL **CLASS**

**LICENSE FOR** 2004 **YEAR**

**NAME ON LICENSE:** Joseph J. Miller ~~BPB, LLC~~

**TYPE OF LICENSE:** RESTAURANT

**DOING BUSINESS AS:** ~~MUNCHIES PUB~~ NIRVANA

**CATEGORY:** ALL ALCOHOLIC

**NUMBER STREET:** 1525 W. HOUSATONIC ST.  **ZIP CODE:** 01201

**MANAGER:** Joseph J. Miller ~~PENNA, FRANK R. JR~~

**DESCRIPTION OF LICENSED PREMISES:** Two Story Wood Structure, First Floor for General Use only, one Front Entrance/Exit, one Side Exit, one Rear Exit

I hereby certify and swear under penalties of perjury that:

1. The renewed license will be of the same type for the same premises now licensed.
2. The licensee has complied with all laws of the Commonwealth relating to taxes.
3. The premises are now open for business. (If not explain below)
   HAVE NOT CLOSED ON PURCHASE OF PROPERTY

**Signed by:** [signature] Joseph T. Miller
Individual, Partner or Authorized Corporate Officer

**DATE:** 11/25/03    **TELEPHONE NO.:** 413-246-8137    **Social Security or Federal Identification Number:** ~~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~~

The space below will be completed by the local licensing authority

**APPROVED** ☐

**DISAPPROVED** ☐

(If disapproved explain)

**The Local Licensing Authority**

**By** _____

**DATE**

APPLICATION FOR RENEWAL MUST BE FILED BY LICENSEES DURING THE MONTH OF NOVEMBER (SEE M.G.L. Ch. 138 §16A)



## DONOVAN & O'CONNOR, LLP

Attorneys and Counselors at Law

1330 Mass MoCA Way
North Adams, Massachusetts 01247
413.663.3200
fax: 413.663.7970

Philip H. Grandchamp
Donald W. Goodrich‡
John D. Lanoue
J. Norman O'Connor, Jr.
Janice J. Cook
David B. Mongue
Chris S. Dodig**‡
Gordon P. Black‡‡
Stephen N. Pagnotta
Michelle K. Manners
Danielle D. Aalberts**‡

ASSOCIATES
James R. Loughman
Michael R. Palmieri**
Stephen F. Narey

SENIOR COUNSEL
J. Norman O'Connor

OF COUNSEL
Douglas J. Rose**
John I. Curtin
Cecil Driver

**Also admitted NY
‡ Also admitted VT
‡‡ Admitted VT only

VERMONT OFFICE:
116 South Street
P.O. Box 1033
Bennington
Vermont 05201-1033
802.442.3233
fax: 802.447.2970

email: mail@docatty.com
EIN 04-2198966

January 12, 2004



J. Peri Campoli, Esq.
Campoli & Campoli, P.C.
27 Willis Street
P. O. Box 1384
Pittsfield, MA 01201

Re:   Purchase and Sale Agreement Between Homebase Properties, LLC (and BPB, LLC) and
      Joseph J. Miller

Dear Peri:

Mr. Miller has considered your clients' last proposal, and is willing to consummate the purchase of the 1525 West Housatonic Street property for the price of $150,000, net of the $16,500 deposit now being held by RE/MAX, in lieu of the demand for the return of the deposit as set forth in our November 7, 2003, correspondence.

Absent Homebase Properties, LLC's timely consideration of this counteroffer, we are prepared to vigorously prosecute your clients' breach of contract by way of a civil action proposed to be filed in the form enclosed herewith.

We await your earliest reply.

Very truly yours,

DONOVAN & O'CONNOR, LLP

Douglas J. Rose

cc:   Mr. Joseph Miller

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BERKSHIRE, SS                                CIVIL ACTION NO. _____

| | |
|---|---|
| BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies', <br><br> Plaintiffs. <br><br> v. <br><br> JOSEPH J. MILLER, <br><br> Defendant. | **DEMAND FOR JURY TRIAL OF ALL ISSUES** |

TO THE CLERK OF THE ABOVE-NAMED COURT:

The Plaintiffs, BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies', in the above-entitled action, demand a trial by jury of all issues.

Respectfully submitted,

BPB, LLC and HOMEBASE PROPERTIES, LLC
d/b/a Munchies'

Plaintiffs

By Their Attorney

Dated: January 28, 2004

DAVID R. CIANFLONE, Esquire (BBO #542152)
Cianflone & Cianflone, P.C.
59 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7366

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Berkshire |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies' | JOSEPH J. MILLER |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 413.447.7366<br>DAVID R. CIANFLONE<br>59 Bartlett Ave., Pittsfield, MA 01201<br>Board of Bar Overseers number: 542152 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D01 | Equitable Relief (Specific Performance) | (A) | |
| A99 | Contract (Purch & Sale Agt) | (F) | (X) Yes ( ) No |
| B99 | Tort (Conversion) | (F) | |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses .................................................. $..........
 2. Total Doctor expenses .................................................. $..........
 3. Total chiropractic expenses ............................................. $..........
 4. Total physical therapy expenses ....................................... $..........
 5. Total other expenses (describe) ........................................ $..........
  Subtotal $..........
B. Documented lost wages and compensation to date ................... $..........
C. Documented property damages to date ................................ $..........
D. Reasonably anticipated future medical and hospital expenses ...... $..........
E. Reasonably anticipated lost wages .................................... $..........
F. Other documented items of damages (describe)
  $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

  $..........
  TOTAL $..........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The Defendant unknown to the Plaintiffs transferred Plaintiffs' Liquor License Renewal Application into his own name and the name of his business without the Plaintiffs' knowledge or consent.

  TOTAL $ Equitable Relief

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: _____

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BERKSHIRE, SS                                    CIVIL ACTION NO. _____

| | |
|---|---|
| BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies', | |
| Plaintiffs. | **MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| JOSEPH J. MILLER, | |
| Defendant. | |

Now come the Plaintiffs BPB, LLC and Homebase Properties LLC ("Plaintiffs") and respectfully requests that pursuant to M.R.C.P. 65 and M.G.L. c. 214, §3, this court issue a preliminary injunction ordering the Defendant to take all necessary steps to return the liquor license to the Plaintiff, BPB, LLC. In support hereof, the Plaintiffs state the following:

1. The Defendant's wrongful holding of the liquor license is causing immediate and irreparable harm to the Plaintiff. The Plaintiff cannot sell or operate the established business without the liquor license.

2. Plaintiff has established the likelihood of success on the merits by demonstrating at least a *prima facie* case for each count of its complaint.

3. The Defendant will suffer no irreparable harm when the injunction issues because he holds neither legal title nor license to the use of the property for which the liquor license is issued and therefore cannot use the license in any business venture. The balancing of equities therefore indicates that a preliminary injunction should issue against the Defendant.

4. The Plaintiffs submit the affidavit of Joseph Breault in further support of this Motion for Preliminary Injunction.

In the alternative, the Plaintiffs seek a temporary restraining order against the Defendant restraining him from taking any action to transfer the liquor license to any third party or otherwise taking any actions adverse to the Plaintiffs' right to hold such license. Such actions would cause irreparable injury, loss or damage to the Plaintiff.

    Respectfully submitted,

    BPB, LLC and HOMEBASE PROPERTIES, LLC
    d/b/a Munchies'

    Plaintiffs

    By Their Attorney

Dated: January 28, 2004

    DAVID R. CIANFLONE, Esquire (BBO #542152)
    Cianflone & Cianflone, P.C.
    59 Bartlett Avenue
    Pittsfield, MA 01201
    (413) 447-7366

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BERKSHIRE, SS                      CIVIL ACTION NO. _____

|  |  |
|---|---|
| BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies', <br><br> Plaintiffs. <br><br> v. <br><br> JOSEPH J. MILLER, <br><br> Defendant. | **MOTION FOR TEMPORARY RESTRAINING ORDER EX PARTE (OR UPON SHORT ORDER OF NOTICE)** |

     Now come the Plaintiffs, Homebase Properties, LLC and BPB, LLC ("Plaintiffs") and respectfully request that pursuant to M.R.C.P. 65(a) and M.G.L. c. 214, § 3, the court issue a temporary restraining order ordering the Defendant to take all necessary steps to return the liquor license to the Plaintiff, BPB, LLC and in support hereof, Plaintiffs state the following:

     1.     Defendant's wrongful holding of the liquor license is causing immediate and irreparable harm to the Plaintiff. Plaintiff cannot sell or operate the established business without the liquor license.

     2.     Plaintiff has established the likelihood of success on the merits by demonstrating at least a *prima facie* case for each count of its complaint.

     3.     The Defendant will suffer no irreparable harm when the injunction issues because he holds neither legal title nor license to the use of the property for which the liquor license is issued and therefore cannot use the license in any business venture. The balancing of equities therefore indicates that a preliminary injunction should issue against the Defendant.

     4.     The Plaintiffs submit the affidavit of Joseph Breault in further support of this Motion for Temporary Restraining Order.

     In the alternative, the Plaintiffs seek a temporary restraining order against the Defendant restraining him from taking any action to transfer the liquor license to any third party or otherwise taking any actions adverse to the Plaintiffs' right to hold such license. Such actions would cause irreparable injury, loss or damage to the Plaintiffs.

Respectfully submitted,

BPB, LLC and HOMEBASE PROPERTIES, LLC
d/b/a Munchies'

Plaintiffs

By Their Attorney

Dated: January 28, 2004

DAVID R. CIANFLONE, Esquire (BBO #542152)
Cianflone & Cianflone, P.C.
59 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7366

2

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BERKSHIRE, SS                                                       CIVIL ACTION NO. _____

| | |
|---|---|
| BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies', <br><br>                   Plaintiffs. <br><br> v. <br><br> JOSEPH J. MILLER, <br><br>                   Defendant. | **AFFIDAVIT IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY AND TEMPORARY RELIEF PURSUANT TO M.R.C.P. 65 AND M.G.L. C. 214 § 3** |

1.    My name is J. Joseph Breault and I am a member and owner of BPB, LLC ("BPB") and Homebase Properties, LLC ("Homebase"). Both LLC's are authorized to do business in the Commonwealth of Massachusetts. Under oath I state as follows:

2.    Homebase is the owner of real estate located at 1525 West Housatonic Street in Pittsfield, Massachusetts, formerly the site of a pub and restaurant known as Munchies' ("Munchies'").

3.    Prior to November 2003, BPB was the holder of the liquor license ("liquor license") used on site to permit the sale of alcohol on the Munchies' premises.

4.    On or about May 7, 2003, Homebase entered into a purchase contract ("Contract") for the sale of Munchies' to the Defendant, Joseph J. Miller ("Miller"). A copy of the purchase and sale agreement is attached to Plaintiffs' complaint as *Exhibit A*. BPB, as the owner of the liquor license, later was made a party to the Contract by way of an addendum also attached to Plaintiffs' complaint as *Exhibit A*.

5.    As contained in Paragraph 8 of the Contract, the closing date was scheduled for September 1, 2003. The Contract was contingent upon Miller's transfer of the liquor license, scheduled to occur no later than August 15, 2003. See ¶ 36 of *Exhibit A* attached to Plaintiffs' complaint.

6.    According to the terms of the Contract, Miller paid a deposit in escrow to be held by RE/MAX Integrity Realtors, Inc. ("RE/MAX") partially to cover the 10% in liquidated damages payable to Homebase in the case of Miller's breach. See ¶ 31 of *Exhibit A* attached to Plaintiffs' complaint.

7. Miller hired counsel to transfer the liquor license through the local licensing authority. Homebase and BPB participated in this process by executing all the appropriate transfer documents as requested by Miller.

8. On August 28, 2003, at the Defendant's request and since the liquor license had yet to transfer, an extension agreement was entered into between Homebase and Miller in which Homebase agreed to extend the time for closing up to and including October 15, 2003. The parties specifically agreed as follows:

> "The parties further agree that in the event that the City of Pittsfield or the Alcoholic Beverages Control Commission fails to approve or deny the liquor license transfer on or before October 15, 2003, further reasonable extensions will be made to accommodate the successful transfer of the liquor license"

See *Exhibit B* attached to Plaintiffs' complaint entitled Extension Agreement.

9. The liquor license transfer was approved by the local licensing board on July 21, 2003 and forwarded to the ABCC for final approval.

10. Although not aware when the Contract was entered into between Homebase and Miller planned (and sought) to obtain an entertainment license for nude dancing at the Munchies' location. In September 2003, Miller filed an application for an entertainment license before the local licensing board seeking approval for nude dancing at the Munchies' location. This application was denied in September 2003.

11. In September 2003, Homebase became aware of a temporary hold on the liquor license transfer due to a Department of Revenue ("DOR") issue. Homebase immediately engaged its accountant to resolve any DOR issues. William Fenton, CPA forwarded to the DOR all documents on or about September 3, 2003. DOR's concerns were satisfied and DOR released the hold on the liquor license transfer thus allowing the transfer to take place. By September 29, 2003, DOR had authorized the ABCC to allow the transfer of the liquor license.

12. On or about October 15, 2003, the ABCC approved the transfer of the liquor license and forwarded the approval to the local licensing board.

13. On October 15, 2003, Miller communicated with counsel for Homebase and indicated that he was no longer represented by counsel. He advised he was attempting to obtain replacement counsel to complete the transaction. On October 15, 2003, Miller specifically requested of Homebase's counsel an extension up to and including October 24, 2003 to complete the transaction. As a result of this conversation, an extension was prepared and faxed to Miller on October 15, 2003 in which Miller agreed to extend the time of closing through October 24,

2

2003. See <u>Addendum to Purchase and Sale Agreement</u> attached to Plaintiffs' complaint as *Exhibit B*.

14. Not receiving any response to the Extension Agreement faxed on October 15, 2003, counsel for Homebase forwarded to Miller correspondence dated October 24, 2003 indicating that Plaintiffs were ready, willing and able to close. However, Miller had not signed the Extension Agreement nor taken other steps to find replacement counsel. On October 24, 2003, Homebase notified Miller that he was in breach of the agreement and demanded a release of the deposit to be paid in the form of liquidated damages. See *Exhibit D* attached to Plaintiffs' complaint.

15. In early November 2003, following the transfer of the liquor license to Miller and the cancellation of the Contract, Homebase, through counsel, requested that Miller sign a letter agreeing to transfer the liquor license back to BPB as the Contract had been terminated. See <u>correspondence dated November 17, 2003</u> attached to Plaintiffs' complaint as *Exhibit E*.

16. Plaintiffs' counsel was then contacted by Attorney Douglas J. Rose who indicated that he was now representing the Defendant.

17. As of November 17, 2003, Homebase was unable to market or successfully transfer the business as the liquor license was now in the name of Miller, not BPB.

18. On November 25, 2003 despite knowledge that the underlying Contract had been terminated, Miller crossed out "BPB" and "Munchies' Pub" on the application for the renewal of the liquor license and submitted the application with "Joseph Miller" and "Nirvana" written in its place. See <u>License Renewal Application for 2004</u> as *Exhibit F* to Plaintiffs' complaint.

19. On or about January 12, 2004, Miller while continuing to wrongly hold the liquor license sent a demand that Homebase and BPB accept a counteroffer of $62,000 less than the originally agreed contractual price or be subject to litigation. See <u>correspondence dated January 12, 2004</u> attached as *Exhibit G* to the complaint.

20. Miller's wrongful holding of the liquor license is causing immediate and irreparable harm to the Homebase and BPB. Homebase cannot sell or operate the established business without the liquor license nor can it market the property without the liquor license.

DATED: January 28, 2004

_____
J/ JOSEPH BREAULT

3

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BERKSHIRE, SS.                                          CIVIL ACTION NO. _____

BPB, LLC and HOMEBASE            )
PROPERTIES, LLC d/b/a Munchies', )
                                 )
           Plaintiffs.           )
                                 )
v.                               )
                                 )
JOSEPH J. MILLER,                )
                                 )
           Defendant.            )

## UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

I am the attorney of record for BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies', the Plaintiff in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part: "... Attorneys shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent...,"

I hereby certify that I have complied with this requirement.

DATED: January 28, 2004

_____
Signature of Attorney of Record

David R. Cianflone
Print Name

BBO #542152

*This certification may be filed by counsel as is, or this text may be incorporated into a form currently in use at the initiation of a case (e.g., civil cover sheet, appearance form, etc.), as determined to be appropriate in each department of the Trial Court. Plaintiff's counsel shall file this document at the time his/her initial pleading is filed. All other counsel shall file it within thirty (30) days of his/her initial entry into the case whether by answer, motion, appearance slip or other pleading.*

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BERKSHIRE, SS                                        CIVIL ACTION NO. _____

BPB, LLC and HOMEBASE )
PROPERTIES, LLC d/b/a Munchies', )
)
Plaintiffs. )
)                    **APPEARANCE**
v. )
)
JOSEPH J. MILLER, )
)
Defendant. )

TO THE REGISTER/MAGISTRATE OF THE ABOVE NAMED COURT:

Please enter my appearance as attorney for the Plaintiffs, BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies', in the above-entitled matter.

Respectfully submitted,

BPB, LLC and HOMEBASE PROPERTIES, LLC
d/b/a Munchies'

Plaintiffs

By Their Attorney

Dated: January 28, 2004

DAVID R. CIANFLONE, Esquire (BBO #542152)
Cianflone & Cianflone, P.C.
59 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7366

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                    SUPERIOR COURT DEPARTMENT
                                                  OF THE TRIAL COURT
                                                  Civil Action No. 04-0036

BPB, LLC and HOMEBASE            )
PROPERTIES, LLC d/b/a Munchies', )
    Plaintiffs                   )
                                 )
                                 )     ASSENTED TO MOTION FOR
v.                               )          CONTINUANCE
                                 )
                                 )
JOSEPH J. MILLER,                )
    Defendant

NOW COMES defendant Joseph J. Miller who hereby moves this Court to continue the hearing on plaintiffs' motion for a temporary restraining order from Wednesday, February 4, 2004 at 2:00 p.m. until Monday, February 9, 2004 at 2:00 p.m., due the unavailability of counsel and client to attend this hearing

Defendant submits that the liquor license that forms the subject matter of the instant request for injunctive relief shall remain in *status quo* until such time as this matter is heard and adjudicated by this Court.

Defendant's counsel further submits that plaintiffs' counsel has assented to this continuance.

Dated: February 3, 2004                    THE DEFENDANT

                                           By his attorneys,

                                           _____
                                           Douglas J. Rose, BBO No. 629080
                                           For Donovan & O'Connor, LLP
                                           1330 Mass MoCA Way
                                           North Adams, MA 01247
                                           Tel: (413) 663-3200
                                           Fax: (413) 663-7970

## CERTIFICATE OF SERVICE

I, Douglas J. Rose, Esq., do hereby certify that I caused a true copy of the within document to be delivered by facsimile transmission and by first class U. S. mail, postage prepaid, this 3rd day of February, 2004 to David R. Cianflone, Esq., 59 Bartlett Avenue, Pittsfield, MA 01201.

_____
Douglas J. Rose

DJR:SLD

2

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
PITTSFIELD DIVISION
Civil Action No. 04-0036

BPB, LLC and HOMEBASE )
PROPERTIES, LLC d/b/a Munchies', )
    Plaintiff )
) NOTICE OF APPEARANCE
v. )
)
JOSEPH J. MILLER, )
    Defendant

Please enter my appearance as attorney for Joseph J. Miller in the above-captioned action.

Dated: February 3, 2004

THE PLAINTIFF,

By his attorney,

_____
Douglas J. Rose
BBO No. 629080
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel: (413) 663-3200
Fax: (413) 663-7970

## CERTIFICATE OF SERVICE

I, Douglas J. Rose, Esq., do hereby certify that I caused a true copy of the within document to be delivered by facsimile transmission and by first class U. S. mail, postage prepaid, this 3rd day of February, 2004 to David R. Cianflone, Esq., 59 Bartlett Avenue, Pittsfield, MA 01201.

_____
Douglas J. Rose

DJR:SLD