COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BERKSHIRE, SS                                              CIVIL ACTION NO. 04-036

BPB, LLC and HOMEBASE            )
PROPERTIES, LLC d/b/a Munchies', )
                                 )
           Plaintiffs.           )
                                 )        **APPEARANCE**
v.                               )
                                 )
JOSEPH J. MILLER,                )
                                 )
           Defendant.            )

TO THE REGISTER/MAGISTRATE OF THE ABOVE NAMED COURT:

   Please enter my appearance as attorney for the Plaintiffs, BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies', in the above-entitled matter.

                                  Respectfully submitted,

                                  BPB, LLC and HOMEBASE PROPERTIES, LLC
                                  d/b/a Munchies'

                                  Plaintiffs

                                  By Their Attorney

Dated: January 28, 2004
                                  _____
                                  DAVID R. CIANFLONE, Esquire (BBO #542152)
                                  Cianflone & Cianflone, P.C.
                                  59 Bartlett Avenue
                                  Pittsfield, MA 01201
                                  (413) 447-7366

A True Copy
Attest: _____
                Clerk

## CIANFLONE & CIANFLONE, P.C.

ATTORNEYS AT LAW

59 BARTLETT AVENUE

PITTSFIELD, MASSACHUSETTS 01201

(413) 447-7366

FAX (413) 445-4089

E-mail: cianflonepc@aol.com

RALPH CIANFLONE, JR
DAVID R. CIANFLONE
RICHARD B. JOHANSEN

OF COUNSEL
ANDREA F. NUCIFORO*
*ALSO ADMITTED IN NEW YORK

January 28, 2004

**HAND DELIVERED**

Deborah S. Capeless, Clerk
Berkshire Superior Court Department
76 East Street
Pittsfield, MA 01201

    Re:    **BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies'
v. JOSEPH J. MILLER**   04-036

Dear Ms. Capeless:

In regard to the captioned matter, I enclose herewith the following documents for filing:

1. Complaint;
2. Demand for Jury Trial of All Issues;
3. Civil Action Cover Sheet;
4. Motion for Preliminary Injunction;
4. Motion for Temporary Restraining Order Ex Parte (or upon Short Order Of Notice);
5. Affidavit in Support of Plaintiffs' Motion for Preliminary and Temporary Relief Pursuant to M.R.C.P. 65 and M.G.L. c. 214, § 3;
6. Uniform Counsel Certification for Civil Cases; and
7. Notice of Appearance.

A check in the amount of $275 is enclosed representing the filing fee.

Thank you for your courtesy and cooperation.

Very truly yours,

DAVID R. CIANFLONE

DRC/bjm
Attachments
cc:    Jay Joseph Breault (w/enclosures)

A True Copy

Attest: _____ Deborah S. Capeless
                                  Clerk

# CAMPOLI & CAMPOLI, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
27 WILLIS STREET, P.O. BOX 1384
PITTSFIELD, MASSACHUSETTS 01201
PHONE (413) 443-6485 FAX (413) 448-6233
www.campolilaw.com

THOMAS L. CAMPOLI
J. PERI CAMPOLI
ROBERT A. MONTELEONE, JR.

ANDREW T. CAMPOLI
OF COUNSEL

JUDITH C. KNIGHT
JEFFREY R. LYNCH*
ANTHONY GIANACOPOULOS

*Also Admitted in CT

October 24, 2003

VIA FAX (413) 552-4044 & FIRST CLASS MAIL

Mr. Joseph Miller
66 Lovers Lane
Somers, Ct 06071

    Re:    Sellers:    BPB LLC / Homebase Properties, LLC
                           d/b/a Munchies
           Buyer:     Joseph J. Miller
           Property:  1525 West Housatonic Street
                           Pittsfield, Massachusetts
           Closing:   October 15, 2003

Dear Mr. Miller;

      Pursuant to your request, on October 15, 2003, I faxed you a final extension of the Purchase and Sales agreement from October 15, 2003 to October 24, 2003. You made this request because you needed more time to close and wanted to obtain replacement counsel. To date, you have neither obtained a lawyer nor purchased the property as contracted.

      Today, my clients were ready, able and willing to sell this property and you have not performed. On September 29, 2003 the Massachusetts Department of Revenue authorized the Massachusetts Liquor License Board (ABCC) to allow the transfer of the Liquor License. Said Liquor License was authorized to be transferred last week by the ABCC.

      In light of the foregoing, you are hereby notified that the contract signed on May 5, 2003 is hereby terminated. Furthermore, pursuant to paragraph 31 of the Purchase and Sales Agreement, we are entitled to receive all deposits held plus the equivalent of 10% of the purchase price. ReMax Integrity Realtors have been notified of same.



# CAMPOLI & CAMPOLI, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
27 WILLIS STREET, P.O. BOX 1384
PITTSFIELD, MASSACHUSETTS 01201
PHONE (413) 443-6485 FAX (413) 448-6233
www.campolilaw.com

THOMAS L. CAMPOLI
J. PERI CAMPOLI
ROBERT A. MONTELEONE, JR.

ANDREW T. CAMPOLI
OF COUNSEL

JEFFREY R. LYNCH*
ANTHONY GIANACOPOULOS
JEFFREY T. SCRIMO

*Also Admitted in CT

November 17, 2003

VIA FAX 743-5370 & FIRST CLASS MAIL

Mr. Douglas J. Rose
DONOVAN & O'CONNOR, LLP
One Commercial Place
Adams, MA 01220



Re:  Sellers:   BPB LLC / Homebase Properties, LLC
                d/b/a Munchies
     Buyer:     Joseph J. Miller
     Property:  1525 West Housatonic Street
                Pittsfield, Massachusetts
     Liquor License

Dear Mr. Rose;

   This is to confirm our discussions last week regarding the above captioned matter. Specifically, your letter dated November 7, 2003 and the liquor license transfer.

   My clients disagree entirely with the factual accounts provided in your letter, however, in an attempt to resolve this matter, they have authorized the release to the buyer one-half of the deposit money being held in escrow. This release is conditioned upon your client's prompt written response to the ABCC to reverse the Liquor License transfer. Any release of one-half of the deposit would not be paid until the ABCC allowed the transfer back to BPB LLC.

   Obviously, this license transfer should not have occurred because there never was a closing as contracted. As emphasized last week, your client must take *immediate steps* to renew this license to preserve this asset before November 28, 2003. Neither your client, nor mine, will

Very truly yours,

J. Peri Campoli

JPC/mkf
Enclosure

cc.   Mr. J. Joseph Breault
      Mr. Frank R. Penna
      Mr. Dennis C. Barry
      ReMax Integrity Realtors



**DONOVAN & O'CONNOR, LLP**

Attorneys and Counselors at Law

1330 Mass MoCA Way
North Adams, Massachusetts 01247
413.663.3200
fax: 413.663.7970

Philip H. Grandchamp
Donald W. Goodrich‡
John D. Lanoue
J. Norman O'Connor, Jr.
Janice J. Cook
David B. Mongue
Chris S. Dodig"‡
Gordon P. Black‡‡
Stephen N. Pagnotta
Michelle K. Manners
Danielle D. Aalberts"‡

ASSOCIATES
James R. Loughman
Michael R. Palmieri"
Stephen F. Narey

SENIOR COUNSEL
J. Norman O'Connor

OF COUNSEL
Douglas J. Rose"
John I. Curtin
Cecil Driver

** Also admitted NY
‡ Also admitted VT
‡‡ Admitted VT only

VERMONT OFFICE:
116 South Street
P.O. Box 1033
Bennington
Vermont 05201-1033
802.442.3233
fax: 802.447.2970

email: mail@docatty.com
EIN 04-2198966

January 12, 2004



J. Peri Campoli, Esq.
Campoli & Campoli, P.C.
27 Willis Street
P. O. Box 1384
Pittsfield, MA 01201

Re:   Purchase and Sale Agreement Between Homebase Properties, LLC (and BPB, LLC) and
      Joseph J. Miller

Dear Peri:

Mr. Miller has considered your clients' last proposal, and is willing to consummate the purchase of the 1525 West Housatonic Street property for the price of $150,000, net of the $16,500 deposit now being held by RE/MAX, in lieu of the demand for the return of the deposit as set forth in our November 7, 2003, correspondence.

Absent Homebase Properties, LLC's timely consideration of this counteroffer, we are prepared to vigorously prosecute your clients' breach of contract by way of a civil action proposed to be filed in the form enclosed herewith.

We await your earliest reply.

Very truly yours,

DONOVAN & O'CONNOR, LLP

Douglas J. Rose

A True Copy
Attest: _____ Clerk

cc:   Mr. Joseph Miller

# LICENSE RENEWAL APPLICATION FOR 2004

__097400076__
LICENSE NUMBER

__PITTSFIELD__
CITY OR TOWN

APPLICATION FOR RENEWAL OF __ANNUAL__ CLASS    LICENSE FOR __2004__ YEAR

__Joseph J. Miller__
~~BPB, LLC~~
NAME ON LICENSE

__RESTAURANT__
TYPE OF LICENSE

~~MUNCHIES PUB~~ __NIRVANA__
DOING BUSINESS AS

__ALL ALCOHOLIC__
CATEGORY

__1525  W. HOUSATONIC ST.        01201__
NUMBER     STREET        ZIP CODE

__Joseph J. Miller__
~~PENNA, FRANK R. JR.~~
MANAGER

DESCRIPTION OF LICENSED PREMISES __Two Story Wood Structure, First Floor For General Use only, One Front Entrance/Exit, One Side Exit, One Rear Exit__

I hereby certify and swear under penalties of perjury that:

1. The renewed license will be of the same type for the same premises now licensed.
2. The licensee has complied with all laws of the Commonwealth relating to taxes.
3. The premises are now open for business. ( If not explain below )

__HAVE NOT CLOSED ON PURCHASE OF PROPERTY__

Signed by: __[signature] Joseph J. Miller__
Individual, Partner or Authorized Corporate Officer

__11/25/03__   __413-246-8137__   ~~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~~
DATE          TELEPHONE NO.      Social Security or Federal Identification Number

The space below will be completed by the local licensing authority

APPROVED  ☐

DISAPPROVED ☐

( If disapproved explain )

The Local Licensing Authority

By _____ A True Copy _____

Attest: [signature]

DATE

APPLICATION FOR RENEWAL MUST BE FILED BY LICENSEES DURING THE MONTH OF NOVEMBER ( SEE M.G.L. Ch. 138 s16A )

807/98REV. 10/02

benefit from having this license lapse. The renewal application is in your client's possession. His failure to cooperate will result in additional damages against my client. My client will vigorously pursue in a lawsuit recover same.

May I please hear from you at your earliest opportunity

Very truly yours,

J. Peri Campoli

JPC/mkf
Enclosure
cc.   Mr. J. Joseph Breault

# Commonwealth of Massachusetts
## County of Berkshire
## The Superior Court

CIVIL DOCKET# BECV2004-00036-A

RE: BPB, LLC et al v Miller

TO: David R Cianflone, Esquire
59 Bartlett Avenue
Pittsfield, MA 01202

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/28/2004 |
| Response to the complaint filed (also see MRCP 12) | 06/27/2004 |
| All motions under MRCP 12, 19, and 20 filed | 06/27/2004 |
| All motions under MRCP 15 filed | 04/23/2005 |
| All discovery requests and depositions completed | 03/19/2006 |
| All motions under MRCP 56 served and heard | 05/18/2006 |
| Final pre-trial conference held and firm trial date set | 09/15/2006 |
| Case disposed | 01/28/2007 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **A** sitting **in Superior Court-2nd Floor, Berkshire Superior Court.**

Dated: 01/29/2004

Deborah S. Capeless,
Clerk of Courts

Location: Superior Court-2nd Floor
Telephone: (413) 499-7487

BY:
A True Copy Deborah S. Capeless
Clerk
Attest: Deborah S. Capeless
Clerk

Check website for status of case: http://ma-trialcourts.org/tcic
cvdtraca_2.wpd 266945 inidoc01 schillin

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BERKSHIRE, SS                                    CIVIL ACTION NO. 04-036

BPB, LLC and HOMEBASE            )
PROPERTIES, LLC d/b/a Munchies', )
                                 )
             Plaintiffs.         )    **MOTION FOR PRELIMINARY INJUNCTION**
                                 )
v.                               )
                                 )
JOSEPH J. MILLER,                )
                                 )
             Defendant.          )

      Now come the Plaintiffs BPB, LLC and Homebase Properties LLC ("Plaintiffs") and respectfully requests that pursuant to M.R.C.P. 65 and M.G.L. c. 214, §3, this court issue a preliminary injunction ordering the Defendant to take all necessary steps to return the liquor license to the Plaintiff, BPB, LLC. In support hereof, the Plaintiffs state the following:

      1.    The Defendant's wrongful holding of the liquor license is causing immediate and irreparable harm to the Plaintiff. The Plaintiff cannot sell or operate the established business without the liquor license.

      2.    Plaintiff has established the likelihood of success on the merits by demonstrating at least a *prima facie* case for each count of its complaint.

      3.    The Defendant will suffer no irreparable harm when the injunction issues because he holds neither legal title nor license to the use of the property for which the liquor license is issued and therefore cannot use the license in any business venture. The balancing of equities therefore indicates that a preliminary injunction should issue against the Defendant.

      4.    The Plaintiffs submit the affidavit of Joseph Breault in further support of this Motion for Preliminary Injunction.


A True Copy
Attest_____

    In the alternative, the Plaintiffs seek a temporary restraining order against the Defendant restraining him from taking any action to transfer the liquor license to any third party or otherwise taking any actions adverse to the Plaintiffs' right to hold such license. Such actions would cause irreparable injury, loss or damage to the Plaintiff.

    Respectfully submitted,

    BPB, LLC and HOMEBASE PROPERTIES, LLC
    d/b/a Munchies'

    Plaintiffs

    By Their Attorney

Dated: January 28, 2004

    DAVID R. CIANFLONE, Esquire (BBO #542152)
    Cianflone & Cianflone, P.C.
    59 Bartlett Avenue
    Pittsfield, MA 01201
    (413) 447-7366

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BERKSHIRE, SS                                              CIVIL ACTION NO. 04-036

BPB, LLC and HOMEBASE )
PROPERTIES, LLC d/b/a Munchies', )
)
Plaintiffs. ) **MOTION FOR TEMPORARY**
) **RESTRAINING ORDER EX PARTE (OR**
) **UPON SHORT ORDER OF NOTICE)**
v. )
) Jan 30, 2004 Short order of notice
JOSEPH J. MILLER, ) to issue returnable Wed Feb 4, 2004
) at 2:00 PM (Ford J)
Defendant. )

   Now come the Plaintiffs, Homebase Properties, LLC and BPB, LLC ("Plaintiffs") and respectfully request that pursuant to M.R.C.P. 65(a) and M.G.L. c. 214, § 3, the court issue a temporary restraining order ordering the Defendant to take all necessary steps to return the liquor license to the Plaintiff, BPB, LLC and in support hereof, Plaintiffs state the following:

   1.   Defendant's wrongful holding of the liquor license is causing immediate and irreparable harm to the Plaintiff. Plaintiff cannot sell or operate the established business without the liquor license.

   2.   Plaintiff has established the likelihood of success on the merits by demonstrating at least a *prima facie* case for each count of its complaint.

   3.   The Defendant will suffer no irreparable harm when the injunction issues because he holds neither legal title nor license to the use of the property for which the liquor license is issued and therefore cannot use the license in any business venture. The balancing of equities therefore indicates that a preliminary injunction should issue against the Defendant.

   4.   The Plaintiffs submit the affidavit of Joseph Breault in further support of this Motion for Temporary Restraining Order.

   In the alternative, the Plaintiffs seek a temporary restraining order against the Defendant restraining him from taking any action to transfer the liquor license to any third party or otherwise taking any actions adverse to the Plaintiffs' right to hold such license. Such actions would cause irreparable injury, loss or damage to the Plaintiffs.



A True Copy
Attest: [signature]
Clerk

Respectfully submitted,

BPB, LLC and HOMEBASE PROPERTIES, LLC
d/b/a Munchies'

Plaintiffs

By Their Attorney

Dated: January 28, 2004

DAVID R. CIANFLONE, Esquire (BBO #542152)
Cianflone & Cianflone, P.C.
59 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7366

2

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BERKSHIRE, SS                                    CIVIL ACTION NO. 04-036

BPB, LLC and HOMEBASE )
PROPERTIES, LLC d/b/a Munchies', )
) **AFFIDAVIT IN SUPPORT OF**
Plaintiffs. ) **PLAINTIFFS' MOTION FOR**
) **PRELIMINARY AND TEMPORARY**
v. ) **RELIEF PURSUANT TO M.R.C.P. 65**
) **AND M.G.L. C. 214 § 3**
JOSEPH J. MILLER, )
)
Defendant. )

1. My name is J. Joseph Breault and I am a member and owner of BPB, LLC ("BPB") and Homebase Properties, LLC ("Homebase"). Both LLC's are authorized to do business in the Commonwealth of Massachusetts. Under oath I state as follows:

2. Homebase is the owner of real estate located at 1525 West Housatonic Street in Pittsfield, Massachusetts, formerly the site of a pub and restaurant known as Munchies' ("Munchies'").

3. Prior to November 2003, BPB was the holder of the liquor license ("liquor license") used on site to permit the sale of alcohol on the Munchies' premises.

4. On or about May 7, 2003, Homebase entered into a purchase contract ("Contract") for the sale of Munchies' to the Defendant, Joseph J. Miller ("Miller"). A copy of the purchase and sale agreement is attached to Plaintiffs' complaint as *Exhibit A*. BPB, as the owner of the liquor license, later was made a party to the Contract by way of an addendum also attached to Plaintiffs' complaint as *Exhibit A*.

5. As contained in Paragraph 8 of the Contract, the closing date was scheduled for September 1, 2003. The Contract was contingent upon Miller's transfer of the liquor license, scheduled to occur no later than August 15, 2003. See ¶ 36 of *Exhibit A* attached to Plaintiffs' complaint.

6. According to the terms of the Contract, Miller paid a deposit in escrow to be held by RE/MAX Integrity Realtors, Inc. ("RE/MAX") partially to cover the 10% in liquidated damages payable to Homebase in the case of Miller's breach. See ¶ 31 of *Exhibit A* attached to Plaintiffs' complaint.

7.     Miller hired counsel to transfer the liquor license through the local licensing authority. Homebase and BPB participated in this process by executing all the appropriate transfer documents as requested by Miller.

8.     On August 28, 2003, at the Defendant's request and since the liquor license had yet to transfer, an extension agreement was entered into between Homebase and Miller in which Homebase agreed to extend the time for closing up to and including October 15, 2003. The parties specifically agreed as follows:

> "The parties further agree that in the event that the City of Pittsfield or the Alcoholic Beverages Control Commission fails to approve or deny the liquor license transfer on or before October 15, 2003, further reasonable extensions will be made to accommodate the successful transfer of the liquor license"

See *Exhibit B* attached to Plaintiffs' complaint entitled <u>Extension Agreement</u>.

9.     The liquor license transfer was approved by the local licensing board on July 21, 2003 and forwarded to the ABCC for final approval.

10.    Although not aware when the Contract was entered into between Homebase and Miller planned (and sought) to obtain an entertainment license for nude dancing at the Munchies' location. In September 2003, Miller filed an application for an entertainment license before the local licensing board seeking approval for nude dancing at the Munchies' location. This application was denied in September 2003.

11.    In September 2003, Homebase became aware of a temporary hold on the liquor license transfer due to a Department of Revenue ("DOR") issue. Homebase immediately engaged its accountant to resolve any DOR issues. William Fenton, CPA forwarded to the DOR all documents on or about September 3, 2003. DOR's concerns were satisfied and DOR released the hold on the liquor license transfer thus allowing the transfer to take place. By September 29, 2003, DOR had authorized the ABCC to allow the transfer of the liquor license.

12.    On or about October 15, 2003, the ABCC approved the transfer of the liquor license and forwarded the approval to the local licensing board.

13.    On October 15, 2003, Miller communicated with counsel for Homebase and indicated that he was no longer represented by counsel. He advised he was attempting to obtain replacement counsel to complete the transaction. On October 15, 2003, Miller specifically requested of Homebase's counsel an extension up to and including October 24, 2003 to complete the transaction. As a result of this conversation, an extension was prepared and faxed to Miller on October 15, 2003 in which Miller agreed to extend the time of closing through October 24,

2003. See <u>Addendum to Purchase and Sale Agreement</u> attached to Plaintiffs' complaint as *Exhibit B*.

14. Not receiving any response to the Extension Agreement faxed on October 15, 2003, counsel for Homebase forwarded to Miller correspondence dated October 24, 2003 indicating that Plaintiffs were ready, willing and able to close. However, Miller had not signed the Extension Agreement nor taken other steps to find replacement counsel. On October 24, 2003, Homebase notified Miller that he was in breach of the agreement and demanded a release of the deposit to be paid in the form of liquidated damages. See *Exhibit D* attached to Plaintiffs' complaint.

15. In early November 2003, following the transfer of the liquor license to Miller and the cancellation of the Contract, Homebase, through counsel, requested that Miller sign a letter agreeing to transfer the liquor license back to BPB as the Contract had been terminated. See <u>correspondence dated November 17, 2003</u> attached to Plaintiffs' complaint as *Exhibit E*.

16. Plaintiffs' counsel was then contacted by Attorney Douglas J. Rose who indicated that he was now representing the Defendant.

17. As of November 17, 2003, Homebase was unable to market or successfully transfer the business as the liquor license was now in the name of Miller, not BPB.

18. On November 25, 2003 despite knowledge that the underlying Contract had been terminated, Miller crossed out "BPB" and "Munchies' Pub" on the application for the renewal of the liquor license and submitted the application with "Joseph Miller" and "Nirvana" written in its place. See <u>License Renewal Application for 2004</u> as *Exhibit F* to Plaintiffs' complaint.

19. On or about January 12, 2004, Miller while continuing to wrongly hold the liquor license sent a demand that Homebase and BPB accept a counteroffer of $62,000 less than the originally agreed contractual price or be subject to litigation. See <u>correspondence dated January 12, 2004</u> attached as *Exhibit G* to the complaint.

20. Miller's wrongful holding of the liquor license is causing immediate and irreparable harm to the Homebase and BPB. Homebase cannot sell or operate the established business without the liquor license nor can it market the property without the liquor license.

DATED: January 28, 2004

_____
J. JOSEPH BREAULT

3