UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
CLERK'S OFFICE

'04 FEB 12  A 10: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| BPB, LLC and HOMEBASE<br>PROPERTIES, LLC d/b/a Munchies,<br>    Plaintiffs | )<br>)<br>)<br>) | |
| v. | ) | Docket No.  04-30021-MAP |
| | ) | |
| JOSEPH J. MILLER,<br>    Defendant | )<br>)<br>) | |

## DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COMES defendant Joseph J. Miller (hereinafter "Miller") who hereby objects to

the motions of defendants BPB, LLC and Homebase Properties, LLC (hereinafter "BPB" and

"Homebase," respectively) for the issuance of a temporary restraining order and a preliminary

injunction with respect to the liquor license presently held by Miller, and asserts as grounds

therefor:

1.      BPB and Homebase's request for relief in this Court is not ripe for adjudication,

insofar as BPB and Homebase have failed to exhaust their administrative remedies before either

the City of Pittsfield Licensing Board or the Commonwealth of Massachusetts Alcoholic

Beverages Control Commission. *Foster v. Murphy*, 211 F.Supp.2d 354, 359 (D. Mass. 2002);

*Luchini v. Comm'r of Revenue*, 436 Mass. 403, 404-405 (2002).

2.      Liquor licenses such as Miller's liquor license are not "goods or chattels" subject

to equitable redelivery or replevin within the intendment of Mass. G. L. c.214, §3(1) and Mass.

G. L. c.247, §7. *See: Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 806

F.Supp. 291, 295 (1992).

3.    BPB and Homebase have a full and adequate remedy at law for damages as against Miller for any alleged conversion of the liquor license, such that injunctive relief is not warranted in this case. *See: Danieli & C. Officine Meccaniche S.p.A. v. Morgan Construction Co.*, 190 F.Supp.2d 148 (D. Mass. 2002).

4.    No immediate and irreparable injury, loss or damage will result to BPB and Homebase from Miller's possession of the liquor license and BPB and Homebase have not met their burden of persuasion that they cannot be returned to the position they previously occupied, insofar as the restaurant facility for which the license was originally issued is vacant and has been in disuse for an extensive period of time[1], and the transfer of the liquor license to Miller does not alter that circumstance, such that BPB and Homebase's alleged injury is merely speculative at best. *See: Micro Networks Corp. v. HIG Hightec. Inc.*, 188 F. Supp.2d 18 (D.Mass. 2002).

WHEREFORE, Miller requests that BPB and Homebase's motions for temporary and preliminary injunctive relief be DENIED.

Dated: February __11__, 2004

THE DEFENDANT
By his attorneys,

Douglas J. Rose
BBO No. 629080
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel: (413) 663-3200
Fax: (413) 663-7970

---

[1] BPB and Homebase allege in their Complaint, at ¶37, that the real estate which forms the subject matter of this action is in fact "undesired property".

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

BPB, LLC and HOMEBASE　　　　　　　)
PROPERTIES, LLC d/b/a "Munchies",　　)
　　　Plaintiffs　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　)　　Docket No.  04-30021-MAP
　　　　　　　　　　　　　　　　　　　)
JOSEPH J. MILLER,　　　　　　　　　　)
　　　Defendant　　　　　　　　　　　)

## CERTIFICATE OF SERVICE

　　　I, Douglas J. Rose, Esq., do hereby certify that I caused a true copy of the within Objection to be delivered by first class U. S. mail, postage prepaid, this _11_ day of February, 2004 to David R. Cianflone, Esq., 59 Bartlett Avenue, Pittsfield, MA 01201.

_____
Douglas J. Rose

DJR:SLD

3