UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSETTS
WESTERN DIVISION

FILED
CLERK'S OFFICE

MAY -3 A 10: 12

U.S. DISTRICT COURT
DISTRICT OF MASS

| | | |
|---|---|---|
| BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies,<br>Plaintiffs | )<br>)<br>)<br>) | |
| v. | )<br>) | |
| JOSEPH J. MILLER,<br>Defendant | )<br>)<br>) | Docket No. 04-30021-MAP |
| v. | )<br>) | |
| RE/MAX INTEGRITY REALTORS, INC.,<br>Third Party Defendant | )<br>)<br>) | |

## THIRD PARTY DEFENDANT'S ANSWER AND COUNTERCLAIM

Now comes the Third Party Defendant RE/MAX INTEGRITY REALTORS, INC. (RE/MAX), who answers the Third-Party Complaint of Joseph J. Miller (MILLER) as follows:

1. The Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth of the averment.

2. The Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth of the averment.

3. The Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth of the averment.

4. The Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth of the averment.

5. No answer required.

6. The Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth of the averment.

7. The Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth of the averment.

8. Admitted insofar as the Purchase and Sale Agreement speaks for itself.

9. Admitted insofar as the Purchase and Sale Agreement speaks for itself.

10. Denied except insofar as the Purchase and Sale Agreement speaks for itself.

11. Admitted insofar as the Purchase and Sale Agreement speaks for itself.

12. Admitted insofar as the Purchase and Sale Agreement speaks for itself.

13. Admitted insofar as the Purchase and Sale Agreement speaks for itself.

14. Denied insofar as the language of the Agreement recites that the transfer of the liquor license was to Joseph Miller d/b/a Nirvana and admitted in all other respects insofar as the Purchase and Sale Agreement speaks for itself.

15. The Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth of the averment.

16. The Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth of the averment.

17. The Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth of the averment.

18. Denied insofar as the request for return of the deposit was made upon the attorney for Homebase and BPB.

19. Denied.

## COUNT I

20. RE/MAX incorporates and realleges its answers in Paragraghs 1 through 19 as if set forth fully herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

WHEREFORE, RE/MAX demands that the Third-Party Complaint be dismissed with costs.

## COUNT II

25. RE/MAX incorporates and realleges its answers in Paragraghs 1 through 24 as if set forth fully herein.

26. Denied.

27. Denied.

WHEREFORE, RE/MAX demands that the Third Party Complaint be dismissed with costs.

## COUNT III

28. No answer is required from Third-Party Defendant RE/MAX.

29. No answer is required from Third-Party Defendant RE/MAX.

30. No answer is required from Third-Party Defendant RE/MAX.

31. No answer is required from Third-Party Defendant RE/MAX.

32. No answer is required from Third-Party Defendant RE/MAX.

RE/MAX demands a trial by jury of all issues in each Count so triable at law, pursuant to Fed.R.Civ.P 38.

## AFFIRMATIVE DEFENSES

FIRST:     Miller has failed to state a claim upon which relief can be granted.

SECOND:    The Court lacks jurisdiction over the subject matter.

THIRD:     Miller breached the terms of the Purchase and Sale Agreement and as such is not entitled to the return of his deposit.

FOURTH:    Under the terms of the Purchase and Sale Agreement, RE/MAX is not authorized to pay the any or all of the deposit without the written assent of Miller and Homebase.

FIFTH:     RE/MAX is not a party to the Purchase and Sale Agreement and is not in breach of said Agreement.

## COUNTERCLAIM FOR INTERPLEADER AND
## DECLARATORY RELIEF

1. RE/MAX Integrity, Inc. is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 154 Elm Street, Pittsfield, Massachusetts.

2. Homebase is a limited liability company organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 1525 West Housatonic Street, Pittsfield, Massachusetts.

3. BPB is a limited liability company organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 1525 West Housatonic Street, Pittsfield, Massachusetts.

4. Joseph Miller is an individual with a last known and usual residence located in Somers, Connecticut.

5. On or about May 7, 2003, Miller and Homebase entered in to a Purchase and Sale Agreement relating to the real estate located at 1525 West Housatonic Street, Pittsfield, Massachusetts.

6. In connection with the Purchase and Sale Agreement, Miller paid a deposit in the amount of $16,500.00, to RE/Max, to be held in escrow pursuant to the terms of the Purchase and Sale Agreement.

7. Pursuant to the terms of the Purchase and Sale Agreement, RE/MAX is holding the deposit as an escrow agent and has no ownership or possessory claim to the escrow funds.

8. Pursuant to the terms of the Purchase and Sale Agreement, RE/MAX cannot release any escrow funds without the written assent of Miller and Homebase.

9. RE/MAX holds the escrow funds of $16,500.00 as a stake holder.

10. Homebase, BPB and Miller each are claiming a right to all or a portion of the escrow funds.

11. By reason of the conflicting interests of Homebase, BPB and Miller, RE/MAX is in great doubt as to which of the said parties is entitled to said escrow funds and in what amounts.

WHEREFORE, RE/MAX respectfully requests as follows:

a) That RE/MAX be authorized and directed to pay into this Court the sum of $16,500.00, less its reasonable attorneys' fees, costs and expenses incurred in bringing this Interpleader action;

b) That Homebase, BPB and Miller be temporarily restrained and enjoined from instituting or prosecuting any further action against RE/MAX in any court on account of the escrow funds;

c) That Homebase, BPB and Miller be ordered to interplead and litigate among themselves their rights or claims to said escrow funds as deposited into this Court;

d) That judgment be entered discharging RE/MAX from all liability to anyone on account of said escrow funds deposited into this Court;

e) That RE/MAX be awarded its costs and reasonable attorneys' fees in bringing this Interpleader action and deduct same from the escrow funds;

f) That this Court grant such other and further relief as it deems just and appropriate.

Date:
4-29-04

Respectfully submitted,
RE/MAX Integrity, Inc.,
By its attorneys,

_____
Michael D. Hashim, Jr.
BBO# 225220

_____
Kenneth P. Ferris
BBO# 556627

HASHIM & SPINOLA
82 Wendell Avenue
Pittsfield, MA 01201
(413) 499-1304
(413) 445-7852 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Douglas J. Rose, the Attorney of record for BPB, LLC and HOMEBASE PROPERTIES, LLC, d/b/a Munchies, and David R. Cianflone, the Attorney of record for JOSEPH J. MILLER, by mail on April 29, 2004.

_____
Michael D. Hashim, Jr., Esq.