UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION



| | |
|---|---|
| BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies', Plaintiffs. <br><br> v. <br><br> JOSEPH J. MILLER, Defendant. <br><br> v. <br><br> RE/MAX INTEGRITY REALTORS, INC., Third Party Defendant. | DOCKET NO. 04-30021-MAP |

## ANSWER TO DEFENDANT, JOSEPH J. MILLER'S, COUNTERCLAIM

Now come the Plaintiffs, Homebase Properties, LLC and BPB, LLC ("Plaintiffs") and answer the counterclaim of Joseph J. Miller, Defendant, as follows:

1.  Plaintiffs admit the allegations set forth in Paragraph 1 of Defendant's counterclaim.

2.  Plaintiffs admit the allegations set forth in Paragraph 2 of Defendant's counterclaim.

3.  Plaintiffs admit the allegations set forth in Paragraph 3 of Defendant's counterclaim.

4.  Plaintiffs admit the allegations set forth in Paragraph 4 of Defendant's counterclaim.

5.  Plaintiffs deny the allegations set forth in Paragraph 5 of Defendant's counterclaim.

6. Plaintiffs admit the allegations set forth in Paragraph 6 of Defendant's counterclaim.

7. Plaintiffs admit the allegations set forth in Paragraph 7 of Defendant's counterclaim.

8. Plaintiffs admit the allegations set forth in Paragraph 8 of Defendant's counterclaim.

9. Plaintiffs admit the allegations set forth in Paragraph 9 of Defendant's counterclaim.

10. Plaintiffs admit the allegations set forth in Paragraph 10 of Defendant's counterclaim.

11. Plaintiffs admit the allegations set forth in Paragraph 11 of Defendant's counterclaim.

12. Plaintiffs admit the allegations set forth in Paragraph 12 of Defendant's counterclaim.

13. Plaintiffs admit the allegations set forth in Paragraph 13 of Defendant's counterclaim.

14. Plaintiffs admit the allegations set forth in Paragraph 14 of Defendant's counterclaim. The Extension Agreement further provided that further reasonable extensions would be made to accommodate the successful transfer of the liquor license.

15. Plaintiffs deny the allegations set forth in Paragraph 15 of Defendant's counterclaim.

16. The closing did not occur on or before October 15, 2003, however the parties agreed to extend the time for closing.

17. Plaintiffs deny the allegations set forth in Paragraph 17 of Defendant's counterclaim.

18. Plaintiffs deny the allegations set forth in Paragraph 18 of Defendant's counterclaim.

19. Plaintiffs deny the allegations set forth in Paragraph 19 of Defendant's counterclaim.

## COUNT I

### Breach of Contract/Liquidated Damages

20. The Plaintiffs incorporate herein its answers to paragraphs 1-19 as if fully set forth herein.

21. Plaintiffs deny the allegations set forth in Paragraph 21 of Defendant's counterclaim.

22. Plaintiffs deny the allegations set forth in Paragraph 22 of Defendant's counterclaim.

23. Plaintiffs deny the allegations set forth in Paragraph 23 of Defendant's counterclaim.

24. Plaintiffs deny the allegations set forth in Paragraph 24 of Defendant's counterclaim.

WHEREFORE, the Plaintiffs respectfully request that Defendant's counterclaim be dismissed with reasonable costs and attorney's fees to the Plaintiff.

## COUNT II

### Breach of Contract/Non-Liquidated Damages

25. The Plaintiffs incorporate herein its answers to Paragraphs 1-24 as if fully set forth herein.

26. Plaintiffs deny the allegations set forth in Paragraph 26 of Defendant's counterclaim.

27. Plaintiffs deny the allegations set forth in Paragraph 27 of Defendant's counterclaim.

WHEREFORE, the Plaintiffs respectfully request that Defendant's counterclaim be dismissed with reasonable costs and attorney's fees to the Plaintiff.

## COUNT II

### Unfair or Deceptive Trade Practices and Acts

28. The Plaintiffs incorporate its answer to Paragraphs 1-27 as if fully set forth herein.

29. Plaintiffs deny the allegations set forth in Paragraph 29 of Defendant's counterclaim.

30. Plaintiffs deny the allegations set forth in Paragraph 30 of Defendant's counterclaim.

31. Plaintiffs deny the allegations set forth in Paragraph 31 of Defendant's counterclaim.

32. Plaintiffs deny the allegations set forth in Paragraph 32 of Defendant's counterclaim.

WHEREFORE, the Plaintiffs respectfully request that Defendant's counterclaim be dismissed with reasonable costs and attorney's fees to the Plaintiff.

## AFFIRMATIVE DEFENSES

1. The Defendant in Counterclaim has failed to state a claim upon which relief can be granted.

2. Defendant in Counterclaim's relief is barred by laches and unclean hands.

3. The Defendant in Counterclaim has failed to state a claim against the Plaintiffs as any alleged contract between the Plaintiffs and the Defendant has been frustrated by Defendant.

4. The Defendant in Counterclaim is estopped to seek recovery by its own acts and omissions and a breach of any contract between the Plaintiffs and Defendant.

5. The Court lacks jurisdiction over the subject matter.

Respectfully submitted,

BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies'

Plaintiffs

By Their Attorney

Dated: May 25, 2004

DAVID R. CIANFLONE, Esquire (BBO #542152)
Cianflone & Cianflone, P.C.
59 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7366

4

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| BPB, LLC and HOMEBASE PROPERTIES, LLC d/b/a Munchies', Plaintiffs. <br><br> v. <br><br> JOSEPH J. MILLER, Defendant. <br><br> v. <br><br> RE/MAX INTEGRITY REALTORS, INC., Third Party Defendant. | DOCKET NO. 04-30021-MAP |

## CERTIFICATE OF SERVICE

I, David R. Cianflone, Esquire, hereby certify that on this 25th day of May, 2004, I served a true copy of the within Answer to Defendant, Joseph J. Miller's, Counterclaim upon the Defendant by first class U. S. Mail, postage prepaid, to its counsel:

> Douglas J. Rose, Esquire
> DONOVAN & O'CONNOR, LLP
> 1330 Mass MoCA Way
> North Adams, MA  01247

and Third-Party Defendant, RE/MAX Integrity Realtors, Inc., by first class U. S. Mail, postage prepaid, to its counsel:

Michael D. Hashim, Jr., Esquire
HASHIM & SPINOLA
82 Wendell Avenue
Pittsfield, MA  01201

Kenneth P. Ferris, Esquire
HASHIM & SPINOLA
82 Wendell Avenue
Pittsfield, MA  01201

_____
Attorney for the Plaintiffs